IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEROME MCCARDELL #335-1936
        Plaintiff                 :

       v.                            :         CIVIL ACTION NO. DKC-12-2558

AVA JOUBERT, et al.,             :
        Defendants

## MEMORANDUM OPINION

### I. Procedural History

This 42 U.S.C. § 1983 prisoner civil rights action seeks money damages for the alleged denial of proper medical care.[1] Jerome McCardell ("McCardell"), a Maryland Division of Correction ("DOC") prisoner housed at Western Correctional Institution ("WCI"), claims that on or about April 23, 2012, Dr. Ava Joubert, a physician employed by Corizon, Inc., prevented him from obtaining specialized care for a urinary tract infection. McCardell, a paraplegic confined to a wheelchair, states that he required referral to an "outside" specialist and the denial of such care

---

[1] McCardell complains that the alleged denial of medical care also violated his rights under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131 *et seq.* ("ADA") and the Rehabilitation Act of 1973, 29 U.S.C. A., § 701 *et seq.* ("RA"). ECF No. 1 at 3-5. To establish a prima facie case under Title II of the ADA, he would have to show that: (1) he has a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities for which he was otherwise qualified; and (3) the exclusion, denial of benefits, or discrimination was by reason of his disability. *See Constantine v. George Mason Univ.,* 411 F.3d 474, 498 (4th Cir.2005); *Baird v. Rose,* 192 F.3d 462, 467 (4th Cir.1999). States are obligated to make "reasonable modifications" to enable the disabled person to receive the services or participate in programs or activities. 42 U.S.C. § 12131 et seq. A reasonable modification does not require the public entity to employ any and all means to make services available to persons with disabilities. Rather, the public entity is obligated to make those modifications that do not "fundamentally alter the nature of the service or activity of the public entity or impose an undue burden." *Bircoll v. Miami-Dade County,* 480 F.3d 1072, 1082 (11th Cir.2007). There is no showing that the ADA or RA are implicated in the claim concerning a urology referral at issue here. Assuming McCardell is disabled within the meaning of the ADA or RA, there is no evidence that he was discriminated against because of a disability.

McCardell also complains the health care provider, Corizon, Inc. ("Corizon"), has breached its contract with the Maryland Division of Correction ("DOC") to provide prisoner medical care. ECF No. 1 at 3. McCardell is not a party to the contract and cannot present such a claim on the DOC's behalf.

caused severe pain.  Doctor Ava Joubert and her employer, Corizon, Inc.[2] ("Medical Defendants") have filed a Motion for Summary Judgment or Motion to Dismiss.  ECF No. 11.  McCardell has filed opposition materials, (ECF No. 13), to which Defendants have replied.  ECF No.14 .  At this stage of the proceedings, a hearing is not needed to resolve the constitutional issues presented.  *See* Local Rule 105.6. (D. Md. 2011).  For reasons which follow, Defendant Corizon, Inc. ("Corizon") shall be dismissed and Defendant Joubert shall submit additional material in support of her motion for summary judgment.

## II. Standard of Review

### Motion to Dismiss

In considering a motion to dismiss under Rule 12(b)(6), a court " 'must accept as true all of the factual allegations contained in the complaint, and must draw all reasonable inferences [from those facts] in favor of the plaintiff. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011); *Nemet Chevrolet, Ltd. v. Consumerafairs.com, Inc.,* 591 F.3d 250, 253 (4th Cir. 2009).  A complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if ... [the] actual proof of those facts is improbable and ... recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555–56 (2007).  A complaint that provides no more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," is insufficient under the Rule. *Id.* at 555.  So, if the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that "'the pleader is entitled to relief.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) (citation omitted).

---

[2] Corizon, a prison health care provider under contract with the State of Maryland prior to July 1, 2012, previously did business as Correctional Medical Services, Inc. ("CMS").

A motion pursuant to Rule 12(b)(6) "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks omitted). Moreover, in resolving a Rule 12(b)(6) motion, the court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain,* 478 U.S. 265, 286 (1986); *Monroe v. City of Charlottesville, Va.,* 579 F.3d 380, 385–86 (4th Cir. 2009).

**Motion for Summary Judgment**

Pursuant to Fed. R. Civ. P. 56(a):

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly

supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

**Eighth Amendment Right to Medical Care**

In alleging a denial of his Eighth Amendment right to necessary medical care, McCardell must prove two essential elements. First, he must satisfy the "objective" component by illustrating a serious medical condition. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995); *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998). If he proves this first element, McCardell must then prove the second "subjective" component of the Eighth Amendment standard by showing deliberate indifference on the part of Defendants. *See Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (holding that claims alleging inadequate medical care are subject to the "deliberate indifference" standard outlined in *Estelle*, 429 U.S. at 105-06). "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Medical personnel "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference." *Id*. at 837. Medical staff are not, however, liable if they "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." *Id*. at 844; *see also Johnson v. Quinones*, 145 F.3d at 167.

**III.   Analysis**

Preliminarily, the court notes that Corizon, Dr. Joubert's employer, is named a defendant solely under a theory of vicarious liability, otherwise known as the doctrine of respondeat

4

superior. The law in the Fourth Circuit is well established that the doctrine is inapplicable to §1983 claims involving entities such as Corizon. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under '1983); *Nedd v. Correctional Medical Services*, Civil Action No. JFM-92-1524 (D. Md., October 22, 1992), citing *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982); *McIlwain v. Prince William Hospital*, 774 F.Supp. 986, 990 (E.D.Va. 1991). Corizon shall be dismissed from this case.

McCardell claims he has established liability against Dr. Joubert because the acting warden found his Administrative Remedy Procedure ("ARP") complaint concerning the April 23, 2012 incident was meritorious in part. ECF No. 1, Ex. 1, pp. 1-2. In that ARP, McCardell stated that another prison physician, Dr. Renato Espina, submitted paperwork so that McCardell could be seen by an outside urologist concerning a urinary tract infection. McCardell claims that Joubert "deliberately interfered by filing the [consultation] paperwork [under the] wrong name and therefore prevent[ed McCardell] from having this medical matter addressed in a timely manner." *Id.,* p. 2. McCardell indicated that Joubert acted "as a means of retaliation against [him] for …filing a lawsuit against her and Corizon…" *Id.* After investigation, the acting warden, on July 23, 2012, noted that a delay had occurred but a consultation request was "currently pending approval or denial for [the] visit." *Id.,* p. 1.

Dr. Joubert has submitted a declaration stating she did not interfere with McCardell's referral to a urologist concerning a urinary tract infection, and that she routinely advocates on behalf of WCI patients whose physicians seek outside specialist consultations. ECF No. 11, Ex. 1, pp. 2-3. Dr. Joubert indicates that consultations require approval by an outside utilization management contractor, and that she is not part of the utilization management process. She further states that she is not responsible for scheduling consultation appointments once approved.

ECF No. 11, Ex. 1, p. 3. She neither confirms nor denies any actions on her part relating to McCardell's April 23, 2012 consultation referral,[3] and provides no documentary evidence, including medical records, indicating whether a Corizon physician prepared a consultation request for McCardell and if so, whether the utilization management contractor approved or denied such request. Supporting documentation indicating when treatment was given and the outcome of such treatment also is lacking. Absent supporting documentation, the court declines to consider the merits of Defendant Joubert's dispositive motion.

## IV. Conclusion

For the aforementioned reasons, Defendant Corizon shall be dismissed and Defendant Joubert's Motion for Summary Judgment will be held in abeyance pending submission of additional material as noted herein. A separate order follows.

Date:   December 20, 2012                      /s/
                                               DEBORAH K. CHASANOW
                                               United States District Judge

---

[3] Even if the court assumes that Dr. Joubert is responsible for a scheduling error, such error, without more, may not support a claim for relief. *See Sellers v. Henman*, 41 F.3d 1100, 1102–03 (7th Cir.1994) ("It would be a great mistake ... to infer ... that a series of purely negligent acts can be equated to an act of deliberate indifference."); *Williams v. Dillman*, 941 F.2d 1212 at *1 (7th Cir.1991) (table decision) ("Although we do not condone the staff's negligence that twice caused Williams to miss his appointments, we agree that Williams has failed to show deliberate indifference on the part of the defendants.").