IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEROME MCCARDELL #335-1936
        Plaintiff       :

        v.       :   CIVIL ACTION NO. DKC-12-2558

AVA JOUBERT       :
        Defendant

**MEMORANDUM OPINION**

Jerome McCardell ("McCardell"), a Maryland Division of Correction ("DOC") prisoner housed at Western Correctional Institution ("WCI"), seeks money damages under the civil rights statute and claims that on or about April 23, 2012, Dr. Ava Joubert, a physician employed by Corizon, Inc., prevented him from obtaining specialized care for a recurring urinary tract infection. McCardell, a paraplegic confined to a wheelchair, states that he required referral to an "outside" specialist and the denial of such care caused severe pain. The contractual health care company, Corizon, Inc.,[1] was dismissed by Memorandum Opinion and Order filed December 21, 2012. ECF Nos. 16 and 17. The court now considers Defendant Joubert's supplement materials, which are construed as a renewed motion for summary judgment. ECF No. 18. For reasons which follow, Joubert's renewed motion for summary judgment shall be held in abeyance and McCardell shall be given twenty-one days to respond thereto.

The standard of review and case analysis regarding prisoner health care under the Eighth Amendment are fully developed in the court's previous Memorandum Opinion and need not be reiterated. It is not disputed that McCardell submitted an Administrative Remedy Procedure ("ARP") complaint concerning the April 23, 2012 incident, nor that Acting Warden Richard

---

[1] Corizon, a prison health care provider under contract with the State of Maryland prior to July 1, 2012, previously did business as Correctional Medical Services, Inc. ("CMS").

Graham found McCardell's claim meritorious in part. ECF No. 1, Ex. 1, pp. 1-2. In that ARP, McCardell stated that another prison physician, Dr. Renato Espina, submitted paperwork so that McCardell could be seen by an outside urologist concerning a urinary tract infection. McCardell claimed that Joubert "deliberately interfered by filing the [consultation] paperwork [under the] wrong name and therefore prevent[ed McCardell] from having this medical matter addressed in a timely manner." *Id.,* at p. 2. McCardell indicated that Joubert acted "as a means of retaliation against [him] for …filing a lawsuit against her and Corizon." *Id.* The acting warden investigated the claim and on July 23, 2012, noted that a delay had occurred but a consultation was "currently pending approval or denial for [the] visit." *Id.,* p. 1.

In its earlier opinion, this court concluded that even assuming that Joubert is responsible for a scheduling error, such error does not support a claim for relief.[2] Having examined her Declaration, the court now finds that Joubert, who at that time was Medical Director, had no authority to approve or disapprove specialty consultations for WCI prisoners, and has no recollection as to why the infirmary physician who examined McCardell on April 23, 2012 and noted that urologic consultation might be needed, failed actually to generate a consultation request. Furthermore, it is apparent that Joubert provided constitutionally adequate medical care on August 14, 2012, when she admitted him to the infirmary and placed him on IV antibiotics for a wound and urinary tract infection. ECF No. 18, Decl. at 4 and Ex.3, pp. 163-165. Given this record, it is not apparent that McCardell can support his claim of retaliatory animus with regard

---

[2] *See Sellers v. Henman*, 41 F.3d 1100, 1102–03 (7th Cir.1994) ("It would be a great mistake ... to infer ... that a series of purely negligent acts can be equated to an act of deliberate indifference."); *Williams v. Dillman*, 941 F.2d 1212 at *1 (7th Cir.1991) (table decision) ("Although we do not condone the staff's negligence that twice caused Williams to miss his appointments, we agree that Williams has failed to show deliberate indifference on the part of the defendants.").

to Dr. Joubert in connection with his Eighth Amendment medical claim. Nonetheless, the court shall provide McCardell an opportunity to respond to Joubert's renewed motion for summary judgment.

The court's inquiry, however, does not end here. Although the need for outside consultation was discussed on April 23, 2012, the medical records do not reflect that a consultation request was actually generated by the treating physician, Dr. Espina. ECF No. 18 Decl. at 4; ECF No. 18, pp. 125-127. Based on the Joubert Declaration, it appears that a consultation request was later generated, as evidenced by the utilization management team's decision to approve a request for decubitus ulcer surgery while failing to act on a June 29, 2012 urology consultation request. The rationale for the decision is not part of the record, a deficiency likely due to the fact that the utilization management company and those responsible for decisions concerning any urology consultation requests generated on McCardell's behalf are not parties to this action.

For the aforementioned reasons, Defendant Joubert's renewed Motion for Summary Judgment shall be held in abeyance for twenty-one days, giving McCardell twenty-one days to file an opposition thereto and/or to amend his complaint to name any appropriate medical defendants. A separate order follows.


Date:   February 12, 2013                           /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge